**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA
MARTINSBURG**

**THOMAS JAMES KING**,

                Petitioner,

**v.**

**UNITED STATES OF AMERICA,**

              Respondent.

**Criminal No.: 3:15-CR-26
Civil No.:   3:18-CV-20
 (GROH)**

## REPORT AND RECOMMENDATION

### I. INTRODUCTION[1]

On February 5, 2018, the *pro se* Petitioner filed a Motion to Vacate, Set Aside or Correct Sentence pursuant to 28 U.S.C. § 2255.  ECF No. 74.  According to the docket, Petitioner is currently incarcerated at River North Correctional Center.  Id.  This matter is pending before the undersigned for an initial review and Report and Recommendation pursuant to LR PL P 2 and 28 U.S.C. § 1915A.

### II. FACTS

#### A.  Conviction and Sentence

On July 21, 2015, Petitioner was charged in a one count indictment with being a Felon in Possession of Firearms, in violation of Title 18, United States Code, Sections 922(g)(1) and 924(a)(2).  ECF No. 1.  On June 10, 2016, pursuant to a written plea agreement, Petitioner entered his guilty plea to Count One of the indictment.  ECF No. 42.  On September 27, 2016, this Court adjudged Petitioner guilty of the offense of

---

[1] All CM/ECF numbers cited herein refer to Petitioner's criminal case, 3:15-CR-26.

Felon in Possession of a Firearm and sentenced the petitioner to a term of 110 months' imprisonment followed by 3 years' supervised release.  ECF No. 52 at 2 – 3.

### B.  Appeal

Petitioner did not pursue a direct appeal.[2]

### C.  Instant § 2255 Motion to Vacate

On February 5, 2018, Petitioner submitted his § 2255 motion.  ECF No. 74.  On February, 20, 2018, Petitioner submitted his amended § 2255 motion on the correct Court-approved form.  ECF No. 79.  On February 21, 2018, the undersigned entered an Order which informed Petitioner that his motion would be dismissed as untimely unless he provided a reason that he was entitled to equitable tolling or an exception under § 2255.  ECF No. 81.  On March 5, 2018, Petitioner filed a response alleging that he was entitled to equitable tolling because he: (1) had been moved between facilities; and (2) did not have access to an email document.  ECF No. 83.

### D. Recommendation

Based upon a review of the record, the undersigned recommends that the petitioner's § 2255 motion be denied and dismissed from the docket as untimely.

### III.    LEGAL STANDARD

### A.  Reviews for Petitions for Relief

Pursuant to the provisions of 28 U.S.C. § 636(b)(1)(B) and the Court's Local Rules of Prisoner Litigation Procedure, this Court is authorized to review such petitions for relief and submit findings and recommendations to the District Court.  This Court is

---

[2] Petitioner's deadline to file an appeal expired on October 11, 2016.  Id.  On October 13, 2016, Petitioner filed a Motion for Extension of Time to File.  ECF No. 57.  On October 24, 2016, this Court denied Petitioner's motion as untimely.  ECF No. 59.

charged with screening Petitioner's case to determine if "it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court."  Rule 4, Rules Governing Section 2254 Cases in the U.S. District Courts; see also Rule 1(b) Rules Governing Section 2254 Cases in the U.S. District Courts (a district court may apply these rules to a habeas corpus petition not filed pursuant to § 2254).

### B.  Pro Se Litigants

Courts must read *pro se* allegations in a liberal fashion and hold those pro se pleadings "to less stringent standards than formal pleadings drafted by lawyers." Haines v. Kerner, 404 U.S. 519, 520 (1972).  Pursuant to 28 U.S.C. § 1915A(b), the Court is required to perform a judicial review of certain suits brought by prisoners and must dismiss a case at any time if the Court determines that the complaint is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief against a defendant who is immune from such relief.  A complaint is frivolous if it is without arguable merit either in law or in fact.  Neitzke v. Williams, 490 U.S. 319, 325 (1989) (superseded by statute).  The Supreme Court in Neitzke recognized that:

> Section 1915(d)[3] is designed largely to discourage the filing of, and waste of judicial and private resources upon, baseless lawsuits that paying litigants generally do not initiate because of the costs of bringing suit and because of the threat of sanctions for bringing vexatious suits under Federal Rule of Civil Procedure 11. To this end, the statute accords judges not only the authority to dismiss a claim based on an indisputably meritless legal theory, but

---

[3] The version of 28 U.S.C. § 1915(d) which was effective when Neitzke was decided provided, "The court may request an attorney to represent any such person unable to employ counsel and may dismiss the case if the allegation of poverty is untrue, or if satisfied that the action is frivolous or malicious."  As of April 26, 1996, the statute was revised and 28 U.S.C. § 1915A(b) now provides, "On review, the court shall identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint-- (1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from such relief."

also the unusual power to pierce the veil of the complaint's factual allegations and dismiss those claims whose factual contentions are clearly baseless.

490 U.S. at 327.

### III. ANALYSIS

In 1996, the Anti-Terrorism and Effective Death Penalty Act of 1996 ["AEDPA"] was enacted, which established a one-year limitation period within which to file any federal habeas corpus motion. 28 U.S.C. § 2255.[4]

The limitation period shall run from the last of:

>    1.    The date on which the judgment of conviction becomes final;
>    2.    The date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;
>    3.    The date on which the right was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review;[5] or
>    4.    The date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2255(f).

In most cases, a judgment of conviction becomes final under § 2255(f)(1) when the time for filing a direct appeal expires. Aikens v. United States, 204 F.3d 1086, 1089 n. 1 (11th Cir. 2000). There are two recognized exceptions to this general rule which

---

[4] The AEDPA applies to those cases filed after April 24, 1996, the effective date of the AEDPA. Lindh v. Murphy, 521 U.S. 320 (1997); Breard v. Pruett, 134 F.3d 615 (4th Cir.), cert. denied, 523 U.S. 371 (1998).

[5] The one-year statute of limitation period under this subsection runs from the date on which the Supreme Court initially recognized the right asserted, not from the date on which the right asserted was made retroactive. Dodd v. United States, 545 U.S. 353 (2005).

apply when a federal prisoner seeks direct appellate review of his conviction or sentence.  First, if following the disposition of his direct appeal, a federal prisoner files a petition for writ of certiorari with the United States Supreme Court, the conviction becomes final when the Supreme Court either denies certiorari or issues a decision on the merits.  <u>Washington v. United States</u>, 243 F.3d 1299, 1300 – 01 (11th Cir. 2001). Second, if the federal prisoner does not file a timely certiorari petition after disposition of his direct appeal, the conviction becomes final on the date on which the prisoner's time for filing such a petition expires, which is ninety days after entry of the judgment on direct appeal.  <u>Clay v. United States</u>, 537 U.S. 522, 532 (2003).  Here neither exception applies because the petitioner did not file a direct appeal of his conviction.

For federal prisoners, the time for filing a direct appeal expires fourteen days after the written judgment of conviction is entered on the criminal docket.  F.R.App.P. 4(b)(1)(A)(i).  Petitioner was sentenced on September 27, 2016.  Fourteen days after sentencing was October 11, 2016, when under the Rules of Appellate Procedure, his time for a direct appeal expired.  Therefore, Petitioner had one year from that date, until October 11, 2017, to file his § 2255 petition.  Because the petitioner did not file his section 2255 motion until February 5, 2018, nearly four months after that date, it is clearly time barred.

To overcome this time bar, Petitioner would have to qualify for equitable tolling of the statute of limitations.  Equitable tolling of habeas petitions is only available "when a defendant demonstrates '(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way and prevented timely filing.'" <u>Whiteside v. United States</u>, 775 F.3d 180, 184 (4th Cir. 2014) (quoting <u>Holland v.</u>

5

<u>Florida</u>, 560 U.S. 631, 649 (2010)).  In order to successfully argue equitable tolling, a movant must meet both prongs of the <u>Holland</u> test.  <u>Whiteside</u>, 775 F.3d at 184.  Any equitable tolling "must be reserved for those rare instances where—due to circumstances external to the party's own conduct—it would be unconscionable to enforce the limitation period against the party and gross injustice would result."  <u>Harris v. Hutchinson</u>, 209 F.3d 325, 330 (4th Cir. 2000).

In his § 2255 motion, Petitioner maintains that his motion is timely because he has been moved between facilities and because he did not have a copy of an email that he claims he needed to file his § 2255.  He alleges these issues interfered with his ability to file his § 2255.  ECF No. 74 at 12.  In this regard, Petitioner's arguments are unpersuasive.

### A.  Transfers Between Facilities

In regard to his claim that transfers between facilities warrant equitable tolling, Petitioner fails to meet either prong of the <u>Holland</u> test.

The first prong of the <u>Holland</u> test requires Petitioner to show that he has been pursuing his rights diligently.  The Fourth Circuit defines diligence as "the diligence <u>reasonably expected</u> from, and ordinarily exercised by, a person who seeks to satisfy a legal requirement or to discharge an obligation.  <u>Lawrence v. Lynch</u>, 826 F.3d 198, 204 (4th Cir. 2016) (quoting Diligence, <u>Black's Law Dictionary</u> (10th Ed. 2014)).  Petitioner has not demonstrated that he has been pursuing his rights diligently.  Petitioner avers that he has been moved between six facilities in the past year.  Despite not filing his motion on Court approved forms, his § 2255 petition was filed and opened in the Clerk's office on February 5, 2018, nearly four months after the deadline had passed.  Prior to

that Petitioner failed to file any pleading or any other document, no matter how brief, indicating a desire to vacate or contest his sentence. Petitioner does not provide sufficient evidence that he has been "pursuing his rights diligently" and was somehow barred from filing his § 2255 at any of these six facilities. Thus, Petitioner fails the first prong of the <u>Holland</u> test.

Even if Petitioner could meet the first prong of the <u>Holland</u> test, he cannot meet the second. While the Fourth Circuit has not specifically addressed whether prison transfers qualify as an extraordinary circumstance to prevent timely filing, other courts have concluded that routine prison transfers do not warrant equitable tolling.

As a prisoner, Petitioner should be familiar with the routine restrictions of prisoner life, and "Prisoners familiar with the routine restrictions of prison life must take such matters into account when calculating when to file a federal petition." <u>Atkins v. Harris</u>, No. C 98-3188 MJJ, 1999 WL 13719 at *2 (N.D. Cal. Jan. 7, 1999). One such routine restriction is the potential to be transferred to another facility, and "[s]uch transfers have become commonplace, and transferee facilities almost universally retain sufficient information to allow prisoners to submit habeas claims." <u>Lucero v. Suthers</u>, 16 Fed. App'x 964, 965 (10th Cir. 2001). The Seventh, Ninth, and Tenth Circuits, as well as district courts in the Second and Fifth Circuits, have all held that prison transfers do not amount to extraordinary circumstances that bar prisoners from filing a petition for habeas corpus. <u>Johnson v. Hill</u>, 224 Fed. App'x. 641 (9th Cir. 2007); <u>United States v. Fredette</u>, 191 Fed. App'x. 711, 713 (10th Cir. 2006); <u>Lott v. Mueller</u>, 304 F.3d 918, 922 (9th Cir. 2002); <u>Montenegro v. United States</u>, 248 F.3d 585, 594 (7th Cir. 2001) (overruled on other grounds); <u>Warren v. Kelly</u>, 207 F.Supp.2d 6, 10 (E.D.N.Y. 2002);

and United States v. Gambini, No. CIV.A. 99-225, 2002 WL 1767418 at *2 (E.D. La. July 30, 2002) ("Nothing in the record indicates that transfers restricted petitioner's ability to file a habeas petition on a timely basis.").

Even if Petitioner had met the first prong of the Holland test, there is nothing in the record to suggest that his transfers affected Petitioner's ability to file a habeas petition.  Further, there is no authority to support a claim that transfers between facilities amount to "some extraordinary circumstance [that] stood in [Petitioner's] way and prevented timely filing."  Since Petitioner fails to meet either prong of the Holland test, his § 2255 motion must be dismissed as untimely.

### B.  Email Claim

In regard to his claim that his lack of access to an email document warrants equitable tolling, Petitioner likewise fails to meet either prong of the Holland test. Petitioner claims that he needed access to an email in order to file this § 2255 petition. ECF No. 83.  However, Petitioner alleges he did not receive that email until January 5, 2018, after he was time barred from filing by the AEDPA.  Id.

The first prong of the Holland test requires Petitioner to show that he has been pursuing his § 2255 rights diligently.  Again, the Fourth Circuit defines diligence as "the diligence reasonably expected from, and ordinarily exercised by, a person who seeks to satisfy a legal requirement or to discharge an obligation."  Lawrence v. Lynch, 826 F.3d 198, 204 (4th Cir. 2016) (emphasis in original) (quoting Diligence, Black's Law Dictionary (10th Ed. 2014)).  Petitioner has not demonstrated that he has been pursuing his § 2255 rights diligently.  Petitioner avers that his trial counsel recently sent him the email document which he believed he needed to file his § 2255.  ECF No. 83.  Even if

Petitioner had shown that he persistently sought the email document, he has failed to show that he diligently pursued any relief related to a § 2255 motion, which is what is actually required by the <u>Holland</u> test.  <u>United States v. Oriakhi</u>, 394 Fed. App'x 976, 977 (4th Cir. 2010).  While Petitioner may have subjectively believed that he could not properly file a § 2255 without this email document, his unfamiliarity with the legal process or ignorance of the law cannot support equitable tolling.  <u>Id.</u> (citing <u>Harris v. Hutchinson</u>, 209 F.3d 325, 330 – 31 (4th Cir. 2000)).  Again, Petitioner does not provide sufficient evidence that he has been "pursuing his rights diligently."  Thus, Petitioner fails the first prong of the <u>Holland</u> test.

Even if Petitioner could meet the first prong of the <u>Holland</u> test, he cannot meet the second prong of the test.  Although the Fourth Circuit has not specifically addressed whether the inability to obtain copies of certain documents qualifies as an extraordinary circumstance to prevent timely filing, other courts have concluded that unfulfilled document requests do not warrant equitable tolling.

The Seventh Circuit has held that trial counsel's failure to respond to a letter does not constitute extraordinary circumstances to satisfy the second prong of the <u>Holland</u> test.  <u>Montenegro</u>, 248 F.3d at 594 (overruled on other grounds).  In addition, the Eleventh Circuit found that extraordinary circumstances did not exist when a prisoner was required to file a petition before October 1996, but did not have misplaced legal papers returned to him until August 1997.  <u>Akins v. United States</u>, 204 F.3d 1086, 1089 (11th Cir. 2000).  The <u>Akins</u> case mirrors Petitioner's case factually in as much as the movant in <u>Akins</u> and the movant herein had seen the documents they were seeking prior to the expiration of the filing deadline.  Further, the Eastern District of Louisiana

9

has held that a prisoner can file a § 2255 without the necessary legal papers when they have submitted a request under the Freedom of Information Act, reasoning that to hold otherwise would allow prisoners to submit pretextual document requests in order to toll the statute of limitations.  Gambini, 2002 WL 1767418 at *3.

Finally, the Eastern District of North Carolina thoroughly addressed this issue of obtaining documents before filing a § 2255 in Arevalo-Hernandez v. United States, Nos. 7:09-CR-097-FL-2; 7:11-CV-161-FL, 2012 WL 255536 (E.D.N.C. January 27, 2012).  In finding that equitable tolling did not apply, the court in Arevalo-Hernandez stated:

> Petitioner's efforts to obtain what he perceives as relevant documents as a precursor to the filing of his motion to vacate are understandable, even commendable. The court is sympathetic to the notion that petitioner might desire certain documents in order to prepare a non-frivolous and informed motion to vacate. However, courts have repeatedly recognized that a petitioner's efforts to obtain documents from counsel, the government, or the courts are not, even where those efforts are thwarted, sufficient to warrant equitable tolling from the standpoint of requisite diligence or "extraordinary circumstances." *See* Oriakhi, 394 F. App'x at 977 (finding that, although petitioner "doggedly pursued a transcript" and other relevant legal documents from his attorney, he "failed to show that he diligently pursued his § 2255 motion"); Rivera v. United States, 719 F.Supp.2d 230, 234–236 (D.Conn.2010) (finding that petitioner failed to show "extraordinary circumstances" or reasonable diligence where he sought over prolonged period to obtain documents from his counsel, such documents were mishandled by prison mail room when finally sent by attorney, and where petitioner had asked for extension of the limitations period prior to its expiration); and United States v. Cervantes, 2008 WL 4200163, at *2 (D.S.D. Sept.11, 2008) (citation omitted) ("Delays in obtaining documentary evidence to support a motion to vacate do not entitle the defendant to an extension of the limitations period. While defendant may desire to have copies of certain discovery documents or briefs, possession of those documents is not a prerequisite to filing a motion to vacate.").

Id. at 3.

Even if Petitioner could meet the first prong of the <u>Holland</u> test, unfulfilled requests for legal documents do not amount to "some extraordinary circumstance [that] stood in [Petitioner's] way and prevented timely filing."  Accordingly, as Petitioner fails to meet either prong of the <u>Holland</u> test, his § 2255 motion is untimely and he is not entitled to relief.

In both Petitioner's first claim, that equitable tolling is warranted based upon facility transfers, and Petitioner's second claim, that equitable tolling is warranted based on lack of access to a copy of an email, he fails to meet either prong of the <u>Holland</u> test. Equitable tolling is not warranted, and Petitioner's § 2255 motion should be denied and dismissed from the docket as untimely.

## IV.   RECOMMENDATION

For the foregoing reasons, the undersigned recommends that Petitioner's Motion under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody [Civil Action No. 3:18-CV-20, ECF No. 1; Criminal Action No. 3:15-CR-26, ECF No. 74] be **DENIED** and **DISMISSED with prejudice** as untimely filed.

**Within fourteen (14) days** after being served with a copy of this Recommendation, any party may file with the Clerk of the Court, **specific written objections, identifying the portions of the Report and Recommendation to which objection is made, and the basis of such objection.** A copy of such objections should also be submitted to the Honorable Gina M. Groh, Chief United States District Judge.   Objections shall not exceed ten (10) typewritten pages or twenty (20) handwritten pages, including exhibits, unless accompanied by a motion for leave to exceed the page limitation, consistent with LR PL P 12.

**Failure to file written objections as set forth above shall constitute a waiver of de novo review by the District Court and a waiver of appellate review by the Circuit Court of Appeals.** Snyder v. Ridenour, 889 F.2d 1363 (4th Cir. 1989); Thomas v. Arn, 474 U.S. 140 (1985); Wright v. Collins, 766 F.2d 841 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984).

This Report and Recommendation completes the referral from the district court. The Clerk is directed to terminate the Magistrate Judge's association with this case.

The Court **DIRECTS** the Clerk of the Court to provide a copy of this Report and Recommendation to all counsel of record as provided in the Administrative Procedures for Electronic Case Filing in the United States District Court for the Northern District of West Virginia.  The Court further directs the Clerk of the Court to mail a copy of this Report and Recommendation to the *pro se* Petitioner by certified mail, return receipt requested, to his last known address as reflected on the docket sheet.

DATED: July 18, 2019

/s/ *Robert W. Trumble*
ROBERT W. TRUMBLE
UNITED STATES MAGISTRATE JUDGE