**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA
MARTINSBURG**

**THOMAS JAMES KING,**

    Petitioner,

v.                                        **CRIMINAL ACTION NO: 3:15-CR-26
CIVIL ACTION NO.: 3:18-CV-20
(GROH)**

**UNITED STATES OF AMERICA,**

    Respondent.

## ORDER ADOPTING REPORT AND RECOMMENDATION

Now before the Court is the Report and Recommendation ("R&R") of United States Magistrate Judge Robert W. Trumble. Pursuant to this Court's Local Rules, this action was referred to Magistrate Judge Trumble for submission of a proposed R&R. Magistrate Judge Trumble issued his R&R [ECF No. 88][1] on July 18, 2019. Therein, Magistrate Judge Trumble recommends that the Petitioner's Motion to Vacate under 28 U.S.C. § 2255 [ECF No. 74] be denied and dismissed with prejudice.

Pursuant to 28 U.S.C. § 636(b)(1)(C), this Court must conduct a *de novo* review of the magistrate judge's findings where objection is made. However, the Court is not required to review, under a *de novo* or any other standard, the factual or legal conclusions of the magistrate judge to which no objection is made. Thomas v. Arn, 474 U.S. 140, 150 (1985). Failure to file timely objections constitutes a waiver of *de novo* review and of a petitioner's right to appeal this Court's Order. 28.U.S.C..§ 636(b)(1); Snyder v. Ridenour, 889 F.2d 1363, 1366 (4th Cir. 1989); United States v. Schronce, 727 F.2d 91,

---
[1] All CM/ECF numbers cited refer to Petitioner's criminal case, 3:15-CR-26, unless otherwise stated.

94 (4th Cir. 1984).

Objections to Magistrate Judge Trumble's R&R were due within fourteen plus three days of service. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). The R&R was mailed to the Petitioner on July 18, 2019. ECF No. 88. The Petitioner accepted service on July 22, 2019. ECF No. 89. The Petitioner filed his objections on August 2, 2019. ECF No. 90. Accordingly, the Court will review the portions of the R&R to which the Petitioner objects *de novo.*

In his R&R, Magistrate Judge Trumble recommends that the Petitioner's Motion to Vacate [ECF No. 74] be denied and dismissed with prejudice because: (1) the motion is time barred; and (2) the Petitioner does not qualify for equitable tolling. First, Magistrate Judge Trumble found that the Petitioner's § 2255 motion is time barred because he filed his motion to vacate four months after the one-year limitation period. See ECF No. 88 at 5. The Petitioner does not object to this finding. Accordingly, the Court adopts Magistrate Judge Trumble's finding that the Petitioner's § 2255 motion is time barred unless the Petitioner qualifies for equitable tolling.

Next, Magistrate Judge Trumble found that the Petitioner does not qualify for equitable tolling because the Petitioner has: (1) not been "pursuing his rights diligently"; and (2) there was not some "extraordinary circumstance" that stood in the Petitioner's way and prevented timely filing. Id.; see also Whiteside v. United States, 775 F.3d 180, 184 (4th Cir. 2014) (citing Holland v. Florida, 560 U.S. 631, 649 (2010)). The Petitioner originally offered two reasons why he believed he was eligible for equitable tolling—first, that he was transferred between prison facilities, and second, that he needed a particular email before filing his motion to vacate. Magistrate Judge Trumble thoroughly

2

addressed these issues and rejected the Petitioner's contention that these circumstances qualified him for equitable tolling.

In opposition to Magistrate Judge Trumble's findings, the Petitioner asks the Court to "take judicial notice" that the Fourth Circuit has not decided whether circumstances analogous to the Petitioner's warrant equitable tolling. ECF No. 90 at 2. Although the Court acknowledges that the Fourth Circuit has not decided the issue, the Court is persuaded by the overwhelming weight of authority that the Petitioner's circumstances do not warrant equitable tolling. See Atkins v. Harris, No. C 98-3188 MJJ, 1999 WL 13719 at *2 (N.D. Cal. Jan. 7, 1999); Lucero v. Suthers, 16 Fed. App'x 964, 965 (10th Cir. 2001); Johnson v. Hill, 224 Fed. App'x. 641 (9th Cir. 2007); United States v. Fredette, 191 Fed. App'x. 711, 713 (10th Cir. 2006); Lott v. Mueller, 304 F.3d 918, 922 (9th Cir. 2002); Montenegro v. United States, 248 F.3d 585, 594 (7th Cir. 2001) (overruled on other grounds); Akins v. United States, 204 F.3d 1086, 1089 (11th Cir. 2000); Warren v. Kelly, 207 F.Supp.2d 6, 10 (E.D.N.Y. 2002); United States v. Gambini, No. CIV.A. 99-225, 2002 WL 1767418 at *2 (E.D. La. July 30, 2002); Arevalo-Hernandez v. United States, Nos. 7:09-CR-097-FL-2; 7:11-CV-161-FL, 2012 WL 255536 (E.D.N.C. January 27, 2012).

As a final matter, in his objections the Petitioner appears to offer, for the first time, a final reason why equitable tolling is warranted. The Petitioner avers that he could not file his motion to vacate until after his state charges were resolved because it was only at that point that he discovered that the Government did not "make sure" that his sentence in this Court "was run concurrent with any sentence [he] received from [state] court." ECF No. 90 at 2. However, this argument is without merit as the Petitioner's judgment and commitment order, entered on September 27, 2016, clearly states that his federal

3

sentence was to run <u>consecutively</u> to any anticipated West Virginia state sentence. ECF No. 52. Therefore, the Petitioner should have been on notice at that time that his federal sentence would run consecutive to any state sentence.

Accordingly, upon careful review of the R&R, it is the opinion of this Court that Magistrate Judge Trumble's Report and Recommendation [ECF No. 88 in 3:15-CR-26, ECF No. 6 in 3:18-CV-20] should be, and is hereby, **ORDERED ADOPTED** for the reasons more fully stated therein. Therefore, the Petitioner's Motion to Vacate [ECF No. 74 in 3:15-CR-26, ECF No. 1 in 3:18-CV-20] is **DENIED** and **DISMISSED WITH PREJUDICE**.

As a final matter, upon an independent review of the record, this Court hereby **DENIES** the Petitioner a Certificate of Appealability, finding that he has failed to make "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2).

This matter is **ORDERED STRICKEN** from the Court's active docket. The Clerk of Court is **DIRECTED** to mail a copy of this Order to the Petitioner by certified mail, return receipt requested, at his last known address as reflected on the docket sheet.

**DATED:** August 5, 2019

*/s/ Gina M. Groh*
GINA M. GROH
CHIEF UNITED STATES DISTRICT JUDGE

4